### No. 11,500

### Orleans

## SUCCESSION OF EUGENÉ
## CONTEST OF BROWN v. CAMPBELL

(February 11, 1929. Opinion and Decree.)
(March 4, 1929. Rehearing Refused.)

Charles J. Mundy, of New Orleans, attorney for plaintiff, appellant.

Joseph F. Monie, of New Orleans, attorney for defendant, appellee.

JANVIER, J. This is a contest for appointment as administrator. The claimants are Walter Campbell, an alleged creditor, and Joseph Brown, who claims to be a brother of decedent, but who, according to Campbell's contention, is not a brother, or, at best, is a natural brother.

The evidence shows, conclusively to our minds, that Brown and decedent were sons of the same parents. There is room for doubt as to whether decedent was born before or after the marriage of the parents, but there is no doubt that the parents did marry and that, whether or not decedent was born before that marriage, at the time of his conception and at the time of his birth, there was no legal reason why they

could not have married. It is also certain that after decedent's birth he was, during the lives of all persons concerned, openly and universally acknowledged by the parents to be their son.

It is plain, then, that at worst he was a natural brother of Joseph Brown, one of the claimants for appointment.

In this situation we find that two articles of the Civil Code are applicable and that an application of these two articles determines this controversy. Civil Code, Article 923, reads as follows:

"If the father and mother of the natural child died before him, the estate of such natural child shall pass to his natural brothers and sisters, or to their descendants."

In the absence, then, of father and mother, and also in the absence of other brothers or sisters, Brown is the heir of his deceased natural brother, Charles Eugene.

Civil Code, Article 1042, provides as follows:

"In the choice of the administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the State."

It is manifest, then, that Brown is entitled to qualify as administrator since he is the natural brother and the heir of the decedent. The creditor, Campbell, is not entitled to the appointment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, at the cost of appellant.